UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ADAM MICHAEL ZULEGER,<br><br>Petitioner,<br><br>v.<br><br>STATE OF INDIANA,<br><br>Respondent. | CAUSE NO. 2:26-CV-553-TLS-AZ |

OPINION AND ORDER

Adam Michael Zuleger, a prisoner without a lawyer, filed a habeas petition challenging his pretrial detention in Case No. 64D04-2509-CM-10865 and Case No. 64D04-2605-CM-5650 pending in the Porter Superior Court. ECF 1. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Review of the State court dockets[1] indicate that, on November 10, 2026, the Porter Superior Court dismissed Case No. 64D04-2509-CM-10865 and sentenced Zuleger to time served in Case No. 64D04-2605-CM-5650. Consequently, Zuleger no longer remains in custody pursuant to these criminal cases, and the court will deny the petition as moot.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability under 28

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Zuleger to proceed further.

For these reasons, the court:

(1) DENIES the habeas petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the petition is moot;

(2) DENIES Adam Michael Zuleger a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on November 25, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT